UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------
STEVE STROMAN,

                                        Petitioner,

        -v.-                                                    9:03-CV-0068
                                                               (TJM)(DRH)
JOE T. SMITH,

                                        Respondent.
----------------------------------------------------------------------
**APPEARANCES:**                        **OF COUNSEL:**

STEVE STROMAN
Petitioner, *pro se*
98-B-1590

HON. ANDREW M. CUOMO               BRIDGET ERIN HOLOHAN, Esq.
Office of Attorney General         Assistant Attorney General
State of New York
Department of Law
The Capitol
Albany, NY 12224

DAVID R. HOMER, U.S. MAGISTRATE JUDGE

## ORDER

        Presently before this Court is a Motion from Petitioner Steve Stroman

("Petitioner" or "Stroman"), seeking to stay this habeas proceeding.  See Dkt. No. 47.

Respondent has filed a letter consenting to Petitioner's request. Dkt. No. 49.

        By way of background, this action was filed on January 15, 2003.  Respondent

filed a Response to the Petition on September 8, 2003.  On October 6, 2003 this Court

stayed this action so that Petitioner could pursue a Motion pursuant to CPL §440.  Dkt.

No. 14.  Thereafter, in response to an Order from Judge McAvoy directing Petitioner to

show cause why the Petition should not be dismissed for failure to prosecute (Dkt. No.

23), Attorney Morabito filed a letter requesting additional time for him to review

Petitioner's state court proceedings and advise Petitioner on a proper course of action.

Dkt. No. 24.  Counsel was granted additional time to review Petitioner's case on

October 18, 2005.  Dkt. No. 26.  On November 18, 2005 Attorney Morabito filed a letter

requesting that the pending Petition be decided by this Court on its merits.  Dkt. No. 27.

This Court lifted the stay on January 12, 2006. Dkt. No. 28.

On February 9, 2006 Petitioner filed a Letter Request stating that he did not

authorize the actions of Attorney Morabito, and requested that the stay not be lifted in

this proceeding.  Dkt. No. 29.  The Clerk docketed the Letter Request as a Motion for a

Stay. By Order dated June 22, 2006 this Court noted that:

> Upon reviewing the Letter Request, Petitioner has not specified what, if
> any, state court challenges he intends to pursue or the grounds he intends
> to raise in each.  Given the passage of time since this February 2006
> Letter Request was filed, it would be reasonable to expect that Petitioner
> has taken advantage of this time and has initiated these state court
> proceedings. Accordingly, Petitioner will be permitted to file a proper
> Motion to Stay this action.  Any such Motion must set forth the state court
> proceedings Petitioner has initiated since the February 2006 filing of his
> request for a stay, or those which he had pending prior to that date.  If
> there are proceedings that Petitioner intends to initiate, but has not done
> so, he should initiate those actions.  Thereafter, he may file a Motion to
> Stay with proof of such new filings as support for the Motion to Stay.

Dkt. No. 35.  Thereafter, Petitioner filed another Motion for a Stay (Dkt. No. 36).  That

Motion was denied, without prejudice to Petitioner filing proper Motion with proper

support demonstrating that he had initiated state court proceedings.  Dkt. No. 43.

Petitioner's present Motion seeks a stay due to the fact that the Appellate

Division, Fourth Department issued an Order on March 16, 2007 agreeing to hear

Petitioner's application for a Writ of Error Coram Nobis.  Based upon this Appellate

Division Order, Respondent has indicated his consent to Petitioner's request. Dkt. No.

49.  Accordingly, Petitioner's Motion to Stay will be granted.

WHEREFORE, it is hereby

ORDERED, that Petitioner's Motion to Stay (Dkt. No. 47) is GRANTED.  Further proceedings in this matter are hereby **stayed**, on the following terms and conditions:

**Within thirty (30) days** from the date of the resolution of Petitioner's currently pending state court proceeding(s), Stroman must advise the Court, in writing, of the outcome thereof and must also provide a copy of the state court decision concerning the disposition of the newly exhausted claims, and may file a Motion to Amend his Petition if it warranted by the outcome of the state court proceedings, and it is further

ORDERED, that Petitioner advise the Court, in writing,  **within sixty (60) days** from the filing date of this Order, and, if a decision has not yet been reached in state court, **every subsequent sixty (60) days thereafter**, of the status of his state court proceeding(s), and it is further

ORDERED, that if Petitioner fails to comply with the terms of this Order, the stay shall be lifted and the file in this matter returned to the Court for further consideration, and it is further

ORDERED, that the Clerk of the Court serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Dated:  April 26, 2007                   _____

                                          United States Magistrate Judge